# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-62688-BLOOM/Valle

FLORIDIANS FOR SOLAR
CHOICE, INC. a Florida not for
Profit corporation,

    Plaintiff,

v.

PCI CONSULTANTS, INC. and
ANGELO PAPARELLA,
individually,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL DISCOVERY IN AID OF EXECUTION

**THIS CAUSE** is before the Court upon Plaintiff, Floridians for Solar Choice, Inc.'s ("FSC") Motion to Compel PCI to Respond to Request for Production in Aid of Execution and Interrogatories in Aid of Execution and for Sanctions, ECF No. [63] ("Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion, **ECF No. [63]**, is granted in part and denied in part.

On September 19, 2019, the Court entered a Corrected Final Judgment, ECF No. [50], in favor of FSC. On October 11, 2018, Defendant PCI Consultants, Inc. ("PCI") filed a notice of Appeal, ECF No. [53], which appeal is currently pending before the Eleventh Circuit. Thereafter, FSC sought discovery in aid of execution. On January 9, 2019, FSC filed the instant Motion, requesting an order overruling PCI's objections to its post-judgment discovery requests, compelling PCI to respond to requests for production and interrogatories, and awarding sanctions against PCI. In response, PCI argues that California law protects its tax returns and discovery of

information concerning PCI employees.[1]

Upon review, it is evident that PCI largely conflates the concepts applicable to proceedings related to collecting upon a judgment, and post-judgment discovery. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, Plaintiff as the judgment creditor is entitled to broad discovery. *See* Fed.R.Civ.P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); *see also Bel Trading & Consulting, Ltd. v. KNM Worldwide Servs., LLC*, No. 14-22313-MC, 2014 WL 3865952, at *2 (S.D. Fla. Aug.6, 2014) (citing 12 Wright & Miller, Federal Practice and Procedure § 3014 (2d ed. 2013)) ("Rule 69 allows for broad discovery against the judgment debtor."). Indeed, "Rule 69(a) simply authorizes a setting, post-judgment execution, in which discovery may take place, not the specific manner or procedures in which testimony should be taken or documents should be produced." *In re Clerici*, 481 F.3d 1324, 1336 (11th Cir. 2007) (citation omitted). Therefore, under the Rule, the Court looks to the Federal Rules of Civil Procedure, as well as the Florida Rules of Civil Procedure. Accordingly, PCI's arguments regarding the application of California law are inapplicable to the issues raised in the Motion.

In its Response, ECF No. [68], PCI points to no authority applying Florida or federal law in the post-judgment context preventing FSC from obtaining the financial discovery it seeks in aid of execution. Notably, PCI does not argue that the tax return information is not relevant. Rather, it contends that FSC may discover the same information through other documentation. While that may be true, it is not dispositive. In the post-judgment context "[f]ederal law as interpreted in the Eleventh Circuit . . . does not require any demonstration beyond Rule 26(b)

---

[1] PCI has withdrawn its jurisdiction-based objections following the Court's entry of an order certifying the Corrected Final Judgment for registration in California. *See* ECF No. [65].

relevance to allow a party to obtain financial information, including tax records, through discovery." *Parrot, Inc. v. NiceStuff Distrib. Int'l, Inc.*, No. 06-61231-CIV-DIMITROULEAS/ROSENBAUM, 2008 WL 11332025, at *4 (S.D. Fla. Dec. 9, 2008).

However, discovery is not without its limitations. Florida law protects confidential information of employees not related to the pending case, and generally prevents the wholesale disclosure of personnel files. *See CAC-Ramsay Health Plans, Inc. v. Johnson*, 641 So. 2d 434, 435 (Fla. 3d DCA 1994) ("It is error for the trial court to order the wholesale disclosure of personnel files containing confidential information of employees not related to the pending case. Production of those documents implicates privacy rights of persons not aware of the intrusion, and not connected in any way to the transaction at issue.") (internal quotations and citation omitted); *see also Seta Corp. of Boca, Inc. v. Office of Attorney Gen. Dep't of Legal Affairs, State of Fla.*, 756 So. 2d 1093, 1094 (Fla. 5th DCA 2000) (same). For example, in its discovery requests, FSC seeks the following information:

> Please state the average number of employees in each month over the last 60 months and identify each employee (including address, telephone number and email address) and the term(s) of their employment. (This request includes subcontract laborers, petition gatherers and individuals or entities which provided labor and petition gatherers and all laborers or petition gatherers hired by those individuals or entities.)
>
> Copies of all employment records pertaining to persons or entities employed by, or contracted with you, during the past five (5) years, including, without limitation, the names, telephone numbers, email addresses and addresses of such employees, the amount paid to each employee, the date of each payment and/or the nature of the services performed by each employee.

*See* ECF No. [63-1] at 5; ECF No. [63-2] at 5. The information requested includes nonparty employees' confidential information, such as home addresses and telephone numbers. This information is simply not relevant with respect to the ultimate objective of identifying assets of

3

PCI as the judgment debtor. "The party seeking discovery of confidential information must make a showing of necessity which outweighs the countervailing interest in maintaining the confidentiality of such information." *CAC-Ramsay*, 641 So. 2d at 435 (quoting *Higgs v. Kampgrounds of Am.*, 526 So. 2d 980, 981 (Fla. 3d DCA 1988) (alteration omitted). Upon review, FSC has made no such showing. As a result, the Court will not compel the production of such information or documentation related to it.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [63]**, is **GRANTED IN PART AND DENIED IN PART**.

    a. PCI will produce the requested tax returns and documents responsive to FSC's requests for production, and respond to FSC's interrogatories **on or before March 4, 2019**; except that PCI need not respond to discovery with respect to PCI employees.

    b. In all other respects, PCI's objections are overruled.

2. FSC's request for sanctions is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record