**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-62688-BLOOM/Valle**

FLORIDIANS FOR SOLAR
CHOICE, INC. a Florida not for
Profit corporation,

    Plaintiff,

v.

PCI CONSULTANTS, INC. and
ANGELO PAPARELLA,
individually,

    Defendants.
_____/

## ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff, Floridians for Solar Choice, Inc.'s ("FSC") Motion to Compel PCI to Comply with Order on Motion to Compel Discovery in Aid of Execution, ECF No. [76], for Sanctions and Incorporated Memorandum of Law, ECF No. [79] ("Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion, ECF No. [79], is granted.

On February 5, 2019, the Court entered an order granting in part FSC's motion to compel PCI to respond to discovery in aid of execution. *See* ECF No. [76] ("Order"). In the Order, the Court overruled PCI's objections to the discovery, except to the extent that FSC's discovery requests would elicit confidential information of nonparty employees of PCI, and ordered PCI to produce responsive documents, including tax returns, and respond to FSC's interrogatories on or before March 4, 2019. *Id*. According to FSC, PCI has not yet complied with the Court's Order, and seeks an order compelling PCI to comply and awarding sanctions.

Rule 37 provides in pertinent part that, "[i]f the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5) (emphasis added). However, "the court must not order this payment if . . . (i) the movant filed the motion before attempting in good faith to obtain the disclosure of discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

In response to the Motion, PCI does not dispute that it has failed to comply with the Court's Order, but attributes the failure to unanticipated personnel changes at PCI's counsel's firm, illnesses in PCI's counsel's family, and family and professional demands. In a supplemental declaration filed without leave of Court, PCI's counsel asserts that PCI remains ready, willing, and able to produce PCI's tax returns contingent upon FSC's execution of a Stipulated Protective Order with respect to PCI's "highly confidential tax returns." *See* ECF No. [83]. In addition, PCI's counsel requests that if the Court finds sanctions to be warranted, that they be imposed against PCI's counsel. Upon review, PCI's counsel's response is insufficient, and thus, sanctions are warranted.

First, the Court's Order required responses to interrogatories and requests for production and production of documents, including tax returns, to be made by March 4, 2019. PCI's counsel's submissions do not justify the complete failure to comply with any aspect of the Court's Order based upon an apparent disagreement regarding handling of the requested tax returns only. Second, although PCI contends that its tax returns are "highly confidential," it has not indicated specifically what confidential information its corporate tax returns may contain, but it appears

simply that PCI does "not want them to ever be a matter of public record." *See* ECF No. [83-1] ¶ 6.[1] The Court notes that the Local Rules specifically provide that "[i]nitial and expert disclosures and the following discovery requests, responses, objections, notices or any associated proof of service shall not be filed until they are used in the proceeding or the court orders their filing: (1) deposition transcripts; (2) interrogatories; (3) requests for documents, electronically stored information or things, or to permit entry upon land; (4) requests for admission; (5) notices of taking depositions or notices of serving subpoenas; and (6) privilege logs." S.D. Fla. L.R. 26.1(b) (emphasis added). Moreover, in cases that have already proceeded to judgment, tax returns are relevant and discoverable as "the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." *Regions Bank v. MDG Frank Helmerich, LLC*, 118. So. 3d 968, 970 (Fla. 2d DCA 2013) (citations omitted). "Broad discovery of a debtor's assets is permitted postjudgment—the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed." *Id*. (citing Fla. R. Civ. P. 1.560; Form 1.977).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [79]**, is **GRANTED**. PCI shall fully comply with the Court's previous Order, ECF No. [76], **on or before April 9, 2019**, and file a notice advising the Court that it has fully complied.

2. PCI's counsel shall pay FSC's reasonable attorney's fees and costs incurred in the filing of the Motion pursuant to Rule 37(a)(5)(A) within ten (10) days of this order.

---

[1] To the extent that PCI contends that it will redact the tax returns to "protect employment information per the Court's order," *see* ECF No. [81-1] ¶ 13, the contention is not well-taken as PCI has not identified what protectable "employment information" its tax returns would contain. The Court's Order excepted only information regarding nonparty employees' confidential information, such as home addresses and telephone numbers. *See* ECF No. [76] at 3-4.

3. PCI's further failure to comply will result in additional sanctions against PCI, its counsel, or both.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 1, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record