# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-62688-BLOOM/Valle

FLORIDIANS FOR SOLAR
CHOICE, INC. a Florida not for
Profit corporation,

      Plaintiff,

v.

PCI CONSULTANTS, INC. and
ANGELO PAPARELLA,
individually,

      Defendants.

_____/

## ORDER ON MOTION FOR
## COMMENCEMENTOF PROCEEDINGS SUPPLEMENTARY

**THIS CAUSE** is before the Court upon Plaintiff, Floridians for Solar Choice, Inc.'s

("FSC") Motion for Commencement of Proceedings Supplementary In Aid of Execution Pursuant

to Fla. Stat. § 56.29 and Entry of an Order for Impleader of Third-Party Defendants In Aid of

Execution, ECF No. [86] ("Motion"). The Court has carefully considered the Motion, all opposing

and supporting submissions, the record in this case and the applicable law, and is otherwise fully

advised. For the reasons set forth below, the Motion is granted in part.

In the Motion, FSC asserts that it is entitled to the commencement of proceedings

supplementary based on Defendant PCI Consultants, Inc.'s ("PCI") failure to make any payments

on the judgment, and seeks to implead Angelo Paparella, and two associated entities—AAP

Holdings, Inc. ("AAP") and BH-AP Petitioning Partners, LLC ("BH-AP") under an alter ego

theory, asserting that Paparella formed AAP and BH-AP during the pendency of these proceedings

to continue the business of PCI. PCI opposes the Motion arguing that FSC fails to meet the

statutory requirements for proceedings supplementary, that the Court does not have original

jurisdiction to hold third parties liable for a judgment under an alter ego theory, and that proceedings supplementary in Florida are futile because FSC cannot establish jurisdiction over Paparella, AAP and BH-AP.  Upon review, the Court determines that PCI's arguments lack merit.

Pursuant to Federal Rule 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ."  Fed. R. Civ. P. 69(a).  In Florida, the procedure for supplementary, postjudgment proceedings is governed by Fla. Stat. § 56.29.  Subsection (1) of Fla. Stat. § 56.29 provides that

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1).  A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied.  *See* Fla. Stat. § 56.29(1); *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So.3d 1035, 1037 (Fla. 2d DCA 2011); *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997).  Section 56.29(2) governs the procedure for impleading third parties.  *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018).  Pursuant to § 56.29(2),

> [t]he judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.

Compliance with these prerequisites provides the predicate for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings. *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). Additionally, "[w]here the evidence so warrants, the court may order that the corporate veil be pierced and that the corporation's alter ego be made liable for the judgment." *Id.* A judgment creditor does not have to make a prima facie showing that the party to be impleaded holds the assets subject to the judgment. *Office Building, LLC v. CastleRock Sec., Inc.*, 2011 WL 1674963, *2 (S.D. Fla. May 3, 2011). In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp.2d 1306, 1310 (M.D. Fla. 2011). After being impleaded, the third party must appear and show cause as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012).

Here, Plaintiff has demonstrated that it holds an unsatisfied writ of execution against PCI, and has submitted a sufficient affidavit averring that the writ is valid and unsatisfied. *See* ECF No. [86-1]. Thus, Plaintiff has satisfied the statutory prerequisites of § 56.29(1) and is entitled to the commencement of proceedings supplementary. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (the district court has ancillary jurisdiction to entertain proceedings supplementary and no discretion to deny the motion if the required statutory showing is made); *see also Longo*, 236 So. 3d at 1119 (same).

Furthermore, Plaintiff has satisfied the statutory prerequisites of § 56.29(2) for impleading third parties. "[I]n cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor

not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Longo*, 236 So. 3d at 1121. In the Motion, FSC sufficiently identifies nine categories of property, debt, or other obligation due of the alleged alter egos. As such, the Court must issue Notices to Appear. *See* Fla. Stat. § 56.29(2) ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court *shall* issue a Notice to Appear.") (emphasis added).

Nevertheless, the Court will not order the impleaded third parties to respond to FSC's supplemental complaint alleging fraudulent transfers, ECF No. [86-16]. FSC has provided no evidence that it has complied with the requirements of § 56.29(9), including service of process. Therefore, FSC's request is premature. In addition, the Court will not now consider PCI's jurisdictional arguments, as the impleaded parties will have the opportunity to present defenses in response to the Notices to Appear.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [86]**, is **GRANTED IN PART**. Plaintiff is permitted to implead Paparella, AAP, and BH-AP in proceedings supplementary to and in aid of judgment or execution. Plaintiff shall separately file the Notices to Appear for issuance in accordance with Fla. Stat. § 56.29(2) and follow the procedures set forth in the statute.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record