UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-62688-BLOOM/Valle

FLORIDIANS FOR SOLAR
CHOICE, INC. a Florida not for
Profit corporation,

      Plaintiff,

v.

PCI CONSULTANTS, INC. and
ANGELO PAPARELLA,
individually,

      Defendants.
_____/

## ORDER ON THIRD MOTION TO COMPEL AND FOR SANCTIONS AND ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon Plaintiff Floridians for Solar Choice, Inc.'s ("FSC") Third Motion to Compel Discovery In Aid of Execution and for Sanctions, ECF No. [88] ("Motion"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

This is the third time this issue is before the Court. On February 5, 2019, the Court entered its Order granting in part FSC's motion to compel Defendant PCI Consultants, Inc. ("PCI") to respond to discovery propounded in aid of execution in October, 2018. *See* ECF No. [76] ("First Order"). In the First Order, the Court required responses to interrogatories and requests for production and production of documents to be made by March 4, 2019. Thereafter, FSC filed a second Motion to Compel, ECF No. [79], based upon PCI's failure to timely comply with the Court's First Order. PCI admitted its failure to comply with the Court's First Order. Thereafter,

Case No. 15-cv-62688-BLOOM/Valle

the Court granted FSC's second motion to compel, requiring PCI's full compliance with the First Order by April 9, 2019. The Court further directed PCI to pay FSC's reasonable attorneys' fees and costs incurred in the filing of the second motion to compel as sanctions. *See* ECF No. [84] ("Second Order"). On April 9, 2019, PCI filed a notice of compliance, ECF No. [85], affirming compliance with the First and Second Orders.

Nevertheless, in the Motion, FSC asserts that PCI has once again failed to timely comply with the Court's previous orders, representing that numerous discovery responses were deficient and documents were not produced. In addition, FSC contends that PCI has not paid its attorneys' fees as directed in the Second Order. As a result, FSC requests that the Court order PCI to comply and requests additional sanctions.

PCI attributes its failure to comply to FSC's efforts to "misus[e] the discovery rules and filing rapid-fire discovery motions to gain a tactical advantage" in the appeal pending before the Eleventh Circuit. ECF No. [94] at 1. Upon review, the Court does not agree with PCI's characterizations. First, as the Court has previously noted, FSC, as the judgment debtor pursuant to a valid and outstanding judgment, is entitled to broad discovery. *See* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); *see also Bel Trading & Consulting, Ltd. v. KNM Worldwide Servs., LLC*, No. 14-22313-MC, 2014 WL 3865952, at *2 (S.D. Fla. Aug.6, 2014) (citing 12 Wright & Miller, Federal Practice and Procedure § 3014 (2d ed. 2013)) ("Rule 69 allows for broad discovery against the judgment debtor."). And while PCI has expended considerable time arguing the propriety of FSC's efforts to enforce its judgment, PCI has never sought a stay of proceedings pending appeal, which it was permitted to do under Rule 62 of the Federal Rules of Civil Procedure. Second, contrary to PCI's characterizations, FSC's discovery requests have been

2

outstanding for seven months.  PCI's failure to fully and timely respond as directly ordered by this Court necessitated the very motions PCI complains about as having been filed at "fanatic" or "breakneck" speed.  In any event, PCI concedes that it has failed to fully comply with the Court's Orders.  *See* ECF No. [94].  As such, further sanctions are warranted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [88]**, is **GRANTED IN PART**;

2. FSC shall recover from PCI its reasonable attorneys' fees and costs incurred in its efforts to obtain compliance with this Court's Orders.  To that end, FSC is directed to file an itemization of the fees and costs incurred in filing its three motions to compel, including any amount already received in payment from PCI's counsel, **on or before June 14, 2019**; and,

3. PCI's counsel shall appear to show cause, **on July 23, 2019 at 9:00 a.m. in Courtroom 10-2, 400 North Miami Avenue, Miami, Florida 33128**, as to why he and/or his client should not be held in contempt or subject to additional sanctions as requested by FSC, for repeatedly violating this Court's Orders.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record