**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-62688-CIV-SMITH/VALLE**

FLORIDIANS FOR SOLAR
CHOICE, INC., *et al.,*

      Plaintiff/Judgment Debtor,

vs.

PCI CONSULTANTS, INC., *et al.*,

      Defendants.

_____/

**<u>ORDER AFFIRMING AND ADOPTING IN PART REPORT OF MAGISTRATE JUDGE</u>**

This matter came before the Court upon the Report and Recommendation (the "Report") [DE 238] of Magistrate Judge Valle, Defendants' Omnibus Objections to Report and Recommendation [DE 248] and Plaintiffs' Response to Defendants' Omnibus Objections to Report and Recommendation [DE 253].  Defendants filed their Motion to Dismiss Second Supplemental Amended Complaint[1] (the " Motion") [DE 188], seeking dismissal on four general grounds: 1) failure to plead subject matter jurisdiction; 2) lack of personal jurisdiction over Defendants; 3) improper venue and 4) failure to state a claim as to each of the counts of the Supplemental Complaint.  In addition to the Motion, Defendants also filed a Motion to Transfer Venue [DE 177].  The Report and Recommendation recommends granting in part and denying in

---

[1] On December 19, 2019, Plaintiffs filed their Second Amended Supplemental Complaint ("the Supplemental Complaint") [DE 183], which is the operative pleading.

part Defendants' Motion to Dismiss[2] and denying Defendants' Motion to Transfer Venue. For the reasons discussed below, the Report is affirmed and adopted in part.

## I. LEGAL STANDARD

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). A court, in its discretion, need not consider arguments that were not in the first instance presented to the magistrate judge. *Calderon v. Springs Landscape & Maintenance, Inc.*, Civ. A. No. 17-22869-CIV-Scola, 2018 WL 6444227, at *2 (S.D. Fla. Dec. 10, 2018) (citing Local Mag. J. R. 4(b)).

---

[2] Defendants Dana Gonzalez-Aplin, Carmen G. Paparella and VMAMNTOP are dismissed from this action.

## II. DISCUSSION

**A. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction**

With respect to their motion to dismiss for lack of personal jurisdiction, Defendants argue that Magistrate Judge Valle erred: (i) by misapplying the jurisdictional burden shifting requirement in making her findings regarding personal jurisdiction; (ii) in finding personal jurisdiction over the Defendants under Florida Statute Section 48.193(1)(A)(1); and (iii) in finding Plaintiffs can pierce the corporate veil. (*See generally* Obj.)  The Court will analyze each of these in turn.

> **i. Whether the Magistrate Judge erred in her application of the jurisdictional burden shifting requirement.**

Defendants Angelo Paparella ("Paparella"), AAP Holding Company, Inc. ("AAP") and BH-AP Petitioning Partners, LLC ("BH-AP") (collectively the "Defendants")  primarily argue Magistrate Judge Valle erred in finding that this Court can exercise personal jurisdiction over them and misapplied the jurisdictional burden shifting requirement in reaching her conclusion. (Obj. at 1-3.)  The Court disagrees with this contention.

The Eleventh Circuit has held that "a plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1350 (11th Cir. 2013).  "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  The burden, however, does not shift back to the plaintiff when the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.  *Id.* at 1351 ("To shift the burden back to the plaintiff, a defendant's affidavit must contain 'specific factual declarations within the affiant's personal knowledge.'").

3

As an initial matter, Defendants contend that Plaintiffs failed to make prima facie allegations of personal jurisdiction. (Obj. at 2.) The Court disagrees. As set out in the Report, Plaintiffs have pled sufficient allegations of personal jurisdiction in the Supplemental Complaint. (R&R at 11-13.)

Next, Defendants argue that once they submitted declarations in support of their Motion to Dismiss, the burden should have shifted back to Plaintiffs to produce evidence rebutting this declaration. (Obj. at 3-4.) However, this is only true if Defendants' evidence is enough to challenge Plaintiffs' personal jurisdiction allegations. Contrary to Defendants' objection, Paparella's declaration contains conclusory and insufficient assertions challenging Plaintiffs' personal jurisdiction allegations and supporting exhibits submitted along with the Supplemental Complaint. Furthermore, the declaration lacked any evidentiary support contradicting the allegations of the Supplemental Complaint or the exhibits to the Supplemental Complaint.[3] *See Damian*, 2019 WL 5887360, at *13-14 (finding that statements made within defendant's declaration lacked evidentiary support beyond the assertion in the declaration itself). As such, Magistrate Judge Valle was not required to shift the burden back to Plaintiffs where Plaintiffs made a prima facie showing of personal jurisdiction and Defendants failed to produce any evidence rebutting these allegations. Because Magistrate Judge Valle correctly applied the jurisdictional

---

[3] Defendants' argument that the exhibits attached to the Supplemental Complaint cannot be considered because they are unauthenticated also fails. "In a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are uncontroverted by defendant's affidavit." *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

burden shifting requirement in her personal jurisdiction analysis, Defendants' objection is overruled.[4] The Court affirms this portion of the Report.

### ii. Whether the Magistrate Judge erred in finding that the Court has personal jurisdiction over Defendants.

Next, Defendants assert that Magistrate Judge Valle erred in finding that the Court has personal jurisdiction over the Defendants. In her Report, Magistrate Judge Valle concluded that Defendants are subject to personal jurisdiction under Florida's long-arm statute. (Obj. at 4-10.) Magistrate Judge Valle also concluded that Defendants have pled a theory of alter ego liability, which allows the Court to exercise personal jurisdiction over Defendants. (Obj. at 20-22.) The longest section of Defendants' objections relates to the allegations of the Defendants being the alter egos of PCI and each other and whether such allegations support a plausible claim for piercing the corporate veil. (Obj. at 8-17.) Given Defendants' emphasis on whether the allegations adequately support an alter ego theory of liability, the Court will address this issue first as it relates to the Court's finding of personal jurisdiction over Defendants.[5]

### a. Alter Ego

"The alter ego theory of long-arm jurisdiction exists as a limited exception to the general, two-step process of establishing long-arm jurisdiction." *Broward Marine, Inc. v. S/V Zeus*, No. 05-23105-CIV, 2010 WL 427496, at *6 (S.D. Fla. Feb. 1, 2010). Under the alter ego theory, the complaint only must allege facts sufficient to pierce the corporate veil of the resident corporation.

---

[4] The Objection also argues Magistrate Judge Valle erred by failing to conduct an evidentiary hearing. This contention is also unfounded because evidentiary hearings regarding personal jurisdiction are discretionary. *Damian*, 2019 WL 5887360, at *11 ("In federal court, jurisdictional hearings are discretionary."). The Court is not convinced that Magistrate Judge Valle abused her discretion by failing to conduct an evidentiary hearing.

[5] The Court later addresses whether the successor liability claims in the Supplemental Complaint have been properly pled.

5

*Bellairs v. Mohrmann*, 716 So. 2d 320, 322 (Fla. 2d DCA 1998). In order to pierce a corporate veil under Florida law, "a plaintiff is required to prove both that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in improper conduct." *Priskie v. Missry*, 958 So. 2d 613, 614-15 (Fla. 4th DCA 2007). The corporate veil will be pierced only in exceptional circumstances, such as for fraud or where the corporation is formed for some illegal purpose. *Bellairs*, 716 So.2d at 323. Improper conduct is present only in cases in which the corporation was a mere device or sham to accomplish some ulterior purpose, or is a mere instrumentality or agent of another corporation or individual owning all or most of its stock, or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1117 (Fla. 1984).

Magistrate Judge Valle correctly concluded that Plaintiffs sufficiently alleged a theory of alter ego, allowing the Court to exercise personal jurisdiction over the corporate Defendants. (R&R at 21-22.) *See also Aldana v. Fresh Del Monte Produce, Inc.*, 2003 WL 2591862, at *3 (S.D. Fla. June 6, 2003) (denying motion to dismiss where plaintiffs asserted that they made a prima facie showing of personal jurisdiction under an alter ego theory).

With respect to Paparella, Defendants assert that the corporate shield doctrine prevents the Court from exercising personal jurisdiction over him. (Obj. at 6-7.) Specifically, Defendants contend that there is no basis for finding specific jurisdiction as to Paparella because there are no allegations of him ever personally doing business in the state of Florida and he cannot be subject to personal jurisdiction simply by virtue of being an officer of PCI, AAP or BH-AP. (*Id.*) These arguments fail.

Generally, and under Florida law, the corporate shield doctrine provides that personal jurisdiction cannot be exercised over a nonresident corporate employee sued individually for acts

performed in a corporate capacity. *Drews v. Cetera Fin. Group, Inc.*, Case No. 19-CV-80531-KAM, 2020 WL 1875639, at *3 (S.D. Fla. Jan. 14, 2020). "The rationale of the doctrine is the notion that it unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Id.* "Despite this general rule, '[a] nonresident shareholder of a corporation doing business in Florida may be subject to long-arm jurisdiction under an alter ego theory.'" *VIS Holdings Corp. v. Cooper*, Case No. 07-20882-CIV-Altonaga/Turnoff, 2007 WL 9702900, at *5 (S.D. Fla. Dec. 11, 2007); *Aldea Commc'n, Inc. v. Gardner*, 725 So. 2d 456, 457 (Fla. 2d DCA 1999). The complaint must allege facts sufficient to pierce the corporate veil of the corporation. *Id.* Thus, the plaintiff must allege not only that the corporation is a "mere instrumentality" of the individual defendant but that the individual defendant engaged in improper conduct in the formation or use of the corporation. *Id.*

Here, the Supplemental Complaint alleges that "[p]roperty and assets held or owned by PCI within one year prior to of the underlying lawsuit's filing (December 2015) are in the hands of other parties, including Paparella . . . ." (Compl. [DE 183] ¶ 33.) Furthermore, it is alleged that Paparella in turn transferred assets received from PCI to third party entities including AAP and BH-AP to avoid payment of the judgment to Plaintiffs. (*Id.* at ¶ 34.) Plaintiffs also allege that Paparella directed the closing of PCI and the opening of successor corporate entities to hinder, delay, or defraud the Judgment Creditors. (*Id.* at ¶ 35.)

Defendants incorrectly contend that Magistrate Judge Valle's found that Plaintiffs pierced the corporate veil. (Obj. at 11-15.) However, Magistrate Judge Valle made no such finding. Instead, Magistrate Judge Valle found that Plaintiffs adequately alleged a theory of alter ego liability and noted that alter ego need not be proven at the pleading stage. (R&R at 34.) Because

Plaintiffs need not prove alter ego liability at the pleading stage, Defendants' objections are overruled. This portion of the Report is affirmed and adopted.

Having found the Supplemental Complaint sufficiently alleges a theory of alter ego liability and permits the Court to exercise personal jurisdiction over these Defendants, the Court need not consider whether personal jurisdiction is proper under Florida's long-arm statute.

### B. Defendants' Motion to Dismiss for Failure to State a Claim

With respect to their motion to dismiss for failure to state a claim, Defendants argue that Magistrate Judge Valle erred: (i) in failing to dismiss Counts V-VII of the Supplemental Complaint; (ii) in finding Plaintiffs stated a theory of *de facto* merger; (iii) in finding Plaintiffs have standing to bring California Corporate Code claims; and (iv) in finding Plaintiffs stated a claim for fraudulent transfer. The Court will address each in turn.

#### i. Whether the Magistrate Judge erred in failing to dismiss Counts V-VII of the Complaint.

Counts V-VII of the Supplemental Complaint allege claims for mere continuation, alter ego liability and *de facto* merger, respectively. Defendants contend that these counts should be dismissed because these are theories of liability, not claims, and therefore, are not specifically tied to any underlying claims. (Obj. at 16-17.) Upon review of the record, it has come to the Court's attention that this argument is being raised for the first time as an objection to the Report. Nonetheless, the Court, in its discretion, will consider it. *Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (finding that district court judge did not abuse its discretion in considering arguments not previously raised before the magistrate judge).

##### a. Plaintiffs have sufficiently alleged a claim for mere continuation.

"Successor liability based upon the continuation of business doctrine 'arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation

8

under a different name." *Centimark Corp. v. A to Z Coatings & Sons, Inc.*, 288 F. App'x 610, 614 (11th Cir. 2008) (citing *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 154 (Fla. 4th DCA 1994)). The key element is a common identity of the officers, directors and stockholders. *Centimark Corp.*, 288 F. App'x at 614. Mere continuation is established when one corporation is absorbed by another and there is a continuity of the first corporation as evidenced by things such as the same management, personnel, assets, location and stockholders. *Id.* An apt description is a "passing of the baton" from one entity to the other, as opposed to each entity running their own race. *Id.*

Despite Defendants' contention, courts have found claims for mere continuation to be stand-alone claims. *See Camela Navigation, Inc. v. Parlay Shipping & Trading, LLC*, Case No. 16-61650-MC-Dimitrouleas/Snow, 2016 WL 10953787 (S.D. Fla.), *report and recommendation adopted and aff'd*, 2016 WL 10953788 (S.D. Fla. Dec. 2, 2016). As set out by Magistrate Judge Valle in the Report, the allegations in the Supplemental Complaint sufficiently allege a claim for mere continuation. (Report at 31-32.) Defendants' objection is overruled.

### b. Plaintiffs have sufficiently alleged a claim for alter ego.

As previously stated, the Supplemental Complaint sufficiently alleges a basis for piercing the corporate veil, necessary to state a claim for alter ego. Thus, the Court will not readdress this issue here. Separately, Defendants contend that Count VI for alter ego liability should be dismissed with prejudice because it is not a stand-alone claim. (Obj. at 16-17.) Defendants' reliance on several federal court decisions is misplaced for several reasons. First, this is a supplementary proceeding governed by Florida law. Second, whether a cause of action can be stated is substantive in nature, and thus, we look to Florida law to see whether alter ego can be alleged as a stand-alone claim. Florida courts permit alter ego allegations to be pled as a distinct

cause of action. *See, e.g. Acadia Partners, L.P. v. Tompkins*, 759 So.2d 732, 740 (Fla. 5th DCA 2000). Thus, Defendants' objection is overruled.

### c. Plaintiffs have sufficiently alleged a claim for *de facto* merger.

Defendants argue that Magistrate Judge Valle erred in concluding that a cause of action for *de facto* merger is sufficiently pled. (Obj. at 17). Specifically, Defendants contend Plaintiffs failed to allege the elements for this claim, such as a sale, assumption of liabilities and a dissolution.[6] (*Id.*)

A *de facto* merger occurs when one corporation is absorbed by another, without compliance with the statutory requirements for a merger. *Coral Windows Bahamas, LTD v. Pande Pane, LLC*, No. 11-22128-CIV, 2013 WL 321584, at *4 (S.D. Fla. Jan. 28, 2013). To find a *de facto* merger there must be continuity of the selling corporation evidenced by the same management, personnel, assets and physical location; a continuity of the stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation; and assumption of the liabilities. *Id.* "The question is whether there has been a change in form, but not substance." *Camela Navigation, Inc.*, 2016 WL 10953788, at *1 (S.D. Fla. Dec. 2, 2016). Plaintiffs' theory in this supplementary proceeding is that after they received a favorable arbitration award, PCI was dissolved, and AAP and BH-AP became successors of PCI. (Compl. ¶¶ 134-151.) AAP absorbed PCI and began operating the same business, with many of the same employees, vendors, officers and owners of PCI, at the same location, and with many of the same trade tools, equipment, and intellectual property. (*Id.* ¶ 142.) The Supplemental Complaint also alleges that AAP assumed

---

[6] Defendants also argue that Magistrate Judge Valle erred in relying on *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 1145 (Fla 4th DCA 1994), the seminal case on *de facto* merger in Florida in her analysis. Despite this assertion, Defendants have not cited to any cases to support their proposition that the *de facto* merger claim should be dismissed.

the liabilities of PCI. (*Id.*) Plaintiffs go on to allege that beginning in 2019, AAP ceased its operations and was absorbed by BH-AP, assuming AAP's liabilities. (*Id.* ¶ 146.) The Supplemental Complaint also alleges that AAP and BH-AP were both formed for the fraudulent purpose of avoiding PCI's liabilities. (*Id.* ¶ 150.) Courts have found such allegations sufficient to allege a *de facto* merger claim. *See Cuervo v. Airport Serv., Inc.*, 984 F. Supp. 2d 1333, 1340-1341 (S.D. Fla. 2013) (denying motion to dismiss and finding amended complaint stated claim for successor liability under Florida law); *Chi. Title Ins. Co. v. Alday-Donalson Title Co. of Fla., Inc.*, 832 So. 2d 810, 814-815 (Fla. 2d DCA. 2002) (reversing dismissal of the count for successor entity liability because plaintiff properly alleged a claim for successor entity liability under either the *de facto* merger theory or the mere continuation theory). Reviewing the Supplemental Complaint and accepting the allegations as true, the Court adopts this portion of the Report and Defendants' objection is overruled.

### ii. Whether the Magistrate Judge erred in finding that Plaintiffs have standing to bring California Corporate Code Claims.

Next, Defendants argue that Count VIII must be dismissed because Plaintiffs lack standing to bring it—an argument not previously made in the Motion to Dismiss. Nonetheless, the Court will address it. California Corporations Code Section 506 states both who may bring an action under sections 500 and 501 and against whom they may bring it. Specifically, section 506(b) provides:

> Suit may be brought in the name of the corporation to enforce the liability of shareholders to creditors for violation of section 500 and 501 by anyone or more creditors of the corporation whose debts or claims arose prior to the time of the distribution to shareholders.

Cal. Corp. Code § 506; *Credit Managers Ass'n of S. Cal. v. Fed. Co.*, 629 F. Supp. 175, 188 (C.D. Cal. 1985). Because Plaintiffs allege to be creditors of PCI, they have standing to bring such claims. The Court affirms this portion of the Report and Defendants' objection is overruled.

### iii. Whether the Magistrate Judge erred in finding that Plaintiffs state a claim for fraudulent transfer.

Next, Defendants assert that Magistrate Judge Valle erred in finding Plaintiffs sufficiently alleged the elements of a claim for violation of the Uniform Fraudulent Transfer Act ("UFTA"), Fla. Stat. § 726.105, *et seq*. (Obj. at 19-20.) Defendants take particular issue with Magistrate Judge Valle's findings with respect to the alleged transfers to third parties of (1) PCI's real estate in Puerto Rico; and (2) Paparella's personal assets, contending that these assets should not be considered in connection with Plaintiffs' fraudulent transfer claims. (Obj. at 19-20.) The Court finds this to be premature and issues to be explored during discovery. The Court also finds Magistrate Judge Valle correctly concluded the Supplemental Complaint sufficiently alleges claims for fraudulent transfer.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) looks at the allegations of a complaint to determine whether a sufficient claim has been pled. *See Twombly*, 550 U.S. at 555. Plaintiffs sufficiently alleged the necessary elements to state UFTA claims. To allege a claim for a violation of the UFTA, a plaintiff must allege: (1) plaintiffs were creditors who were defrauded; (2) that [the debtor] intended to commit the fraud; and (3) that the fraud involved a conveyance of property that could have been applicable to the payment of the debt due. *See Shane v. Picasso Holding Co.*, Nos. 11-81402-CIV and 11-81403-CIV, 2012 WL 1021740, at *1-2 (S.D. Fla. Mar. 26, 2012). In reviewing the Supplemental Complaint, the Court finds that Plaintiffs have sufficiently alleged their UFTA claims.

Because Magistrate Judge Valle correctly concluded Plaintiffs sufficiently alleged elements necessary to state their UFTA claim, (R&R at 30), Defendants' objection is overruled. This part of the Report is affirmed.

**C. Defendants' Motion to Transfer Venue**

With respect to their motion to transfer venue, Defendants argue that Magistrate Judge Valle erred by omitting certain considerations weighing in favor of transfer. (Obj. at 20.) Despite making this assertion, Defendants have failed to make any specific objections to the Report. (Obj. at 20.) Because no specific objections are made, the Court may "accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate" applying a clearly erroneous standard. 28 U.S.C. § 636(b)(1). Although the Court agrees with Magistrate Judge Valle's decision to deny the Motion to Transfer, the Court does not agree with the analysis employed to arrive at this decision.

Under 28 U.S.C. § 1404 requires courts to embark on a two-prong inquiry when considering factors used to determine whether a matter should be transferred. *Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404. Second, courts are to balance private and public factors to determine if transfer is justified. *Steifel Lab., Inc.*, 588 F. Supp. 2d at 1338. Generally, the factors to consider under the second prong include the plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the costs of change, and the public interest. *Id.*

Under the first prong, the alternative venue must be one where a plaintiff could have originally brought the action. 28 U.S.C. § 1404. "An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum." *Game Controller Tech. LLC v. Sony Comput. Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1272–73 (S.D. Fla. 2014).

The Court disagrees with Magistrate Judge Valle's conclusion that this matter originally could have been brought in the District Court for the Central District of California. Under Florida Statute, section 56.29, a supplementary proceeding is a summary equitable procedure through which a successful plaintiff can discover the judgment debtor's assets and levy on those assets without resort to a second litigation in a different forum. *Katzman v. Comprehensive Care Corp.*, No. 8:17-CV-2107-T-23AEP, 2017 WL 4944802, at *3 (M.D. Fla. Nov. 1, 2017). As such, courts have held that a supplementary proceeding under section 56.29 must begin in the court that entered judgement. *Id.* at *6; *Kraft Foodservice, Inc. v. Thunder Boat Row & Assoc., Inc.*, 700 So.2d 181, 182 (Fla. 4th DCA 1997) (denying motion to transfer and noting that, in a supplementary proceeding, venue does not shift from jurisdiction to jurisdiction but remains with the court which entered the judgment). Because the supplementary proceeding was required to begin in this Court, it could not have been brought originally in the Central District of California. Thus, the Court rejects the portion of the Report finding that this matter could have been originally brought in the United States District Court for the Central District of California.

In deciding the second step of the analysis, the Court finds Magistrate Judge Valle assessed whether convenience and the interest of justice require transfer and correctly concluded that these factors did not weigh in favor of transfer. (R&R at 24-27.) Thus, the Court adopts this portion of the Report.

Accordingly, it is

**ORDERED** that:

1. The Motion to Transfer Venue [DE 177] is **DENIED**;

2. Defendants' Motion to Dismiss [DE 188] is **GRANTED IN PART and DENIED IN PART.** Specifically, (i) Defendants' Motion to Dismiss Defendant Paparella, AAP and BH-AP for lack of personal jurisdiction is **DENIED;** (ii) Defendants' Motion to Dismiss Defendant Dana Gonzalez-Aplin, Carmen G. Paparella and VMAMNTOP, LLC for lack of personal jurisdiction is **GRANTED**; (iii) Defendants' Motion to Dismiss for Improper Venue is **DENIED;** and (iv) Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART and DENIED IN PART**; and

3. Plaintiffs shall file their Third Amended Supplemental Complaint within ten days from the date of this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of September 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:     All parties of record