UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62688-CIV-SMITH/VALLE

FLORIDIANS FOR SOLAR CHOICE, INC., *et al.,*

    Plaintiffs/Judgment Creditors,
vs.

PCI CONSULTANTS, INC.,

    Defendants/Judgment Debtor,

and

ANGELO PAPARELLA, individually,

    Defendants.

_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This matter came before the Court upon the Report and Recommendation to District Court Judge [DE 310] (the "Report"), Defendant PCI Consultants, Inc.'s Objections to the Report and Recommendation [DE 312] (the "Objections") and Plaintiff Floridians for Solar Choice, Inc.'s response to the Objections [DE 316]. As the prevailing party in this matter, Plaintiff Floridians for Solar Choice, Inc. ("FSC") filed an Application for an Award of their Attorneys' Fees (the "Application").[1] In her Report, Magistrate Judge Valle recommends granting in part FSC's Application [DE 241 & 242] and awarding FSC $101,590.34 in attorneys' fees. For the reasons stated below, the Report is affirmed and adopted.

---

[1] The matter was filed before the Eleventh Circuit Court of Appeal and transferred to the District Court for appropriate disposition.

**I.  LEGAL STANDARD**

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). In reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

**II.  DISCUSSION**

Defendant/Judgment Debtor PCI Consultants, Inc. ("PCI") objects to the Report and asserts that Magistrate Judge Valle erred in finding that FSC should be awarded $101,590.34 in attorneys' fees because: (i) FSC's counsel charged "premium billing rates" and (ii) a partner from the law firm, Lubell Rosen seeks the recovery of fees fifteen percent (15%) to twenty percent (20%) above his actual rate. The Court notes that these objections are nothing more than re-hashed arguments previously presented by PCI in its response to the Application. (*See* DE 241 & 312.) Objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusion. *Webster v. Sec'y of Fla. Dep't of Corr.*, Case No. 0:97-cv-07216-KMM, 2021 WL 663975, at *2 (S.D. Fla. Feb. 19,

2021). In its Objections, PCI does not contend that Magistrate Judge Valle overlooked any pertinent facts or misapplied the law in making her findings. Instead, PCI simply disagrees with Magistrate Judge Valle's conclusion. Because PCI has failed to properly object to the Report, "[t]he Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (citing *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015)). Having found none, the Objections are overruled and the Report is affirmed and adopted.

Accordingly, it is

**ORDERED** that:

1. The Report and Recommendation to District Judge [DE 310] is **AFFIRMED and ADOPTED**.

2. Plaintiff Floridians for Solar Choice, Inc.'s Application for Appellate Attorneys' Fees [DE 241 & 242] is **GRANTED in part and DENIED in part.** Floridians for Solar Choice, Inc. is awarded $101,590.34 in attorneys' fees.

3. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of March, 2021.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record